IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD P. PRUITT, #680233, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1639-M |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) at the Powledge Unit in Palestine, Texas. Respondent is the Director of TDCJ-CID. The Court has not issued process pending preliminary screening.

Statement of Case: On December 5, 2005, Petitioner pled guilty to burglary of a building in the 265th Judicial District Court of Dallas County, Texas, in Cause No. F04-53495. (Petition (Pet.) at 2). Punishment was assessed at eight years imprisonment. (*Id.*). Petitioner did not appeal. (*Id.* at 3).

On July 12, 2006, Petitioner filed in the convicting court a state habeas application, pursuant to art. 11.07, Texas Code of Criminal Procedure, raising the claim at issue in this case. (*See* Attachment I, for copy of first page of Judicial Information for writ No. W04-53495-A). On December 13, 2006, the Texas Court of Criminal Appeals (TCCA) denied the application without written order on the trial court's findings without a hearing. *See Ex parte Pruitt*, WR-30,187-15, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID =245769.

On September 7, 2007, Petitioner filed a second writ in the convicting court raising a claim that is not at issue in this case – namely that the evidence was insufficient to prove the finality of the prior convictions used for enhancement purposes. (*See* Attachment I, for copy of first page of Judicial Information for writ No. W04-53495-B). This writ is currently pending in state court.

In his federal petition, filed on September 25, 2007, Petitioner alleges the trial court erred when it denied his motion to dismiss the indictment because of speedy trial violations. (Pet. at 7).[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also*

---

[1] For purposes of this recommendation, the petition is deemed filed on September 19, 2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

*Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a direct appeal. As a consequence, his conviction became final on January 4, 2006, thirty days after the judgment was entered. *See* Tex. R. App. P. 26.2(a)(1)

---

[2] On October 1, 2007, the court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the court's show cause order on October 16, 2007.

(effective Sept. 1, 1997); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period began to run on January 5, 2006, the day after his conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of July 12, 2006, the date on which Petitioner filed his art. 11.07 application, 188 days of the one-year limitations period had elapsed. The state application remained pending until December 13, 2006, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See also Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one year-period expired 177 days later on June 9, 2007. Since that date fell on a Saturday, the limitations period was extended to the following Monday, June 11, 2007. *See* Fed.R.Civ.P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir.1998) (applying Rule 6(a)). Therefore, the federal petition, deemed filed as of September 19, 2007, is clearly untimely absent equitable tolling.[3]

In response to the Court's show cause order, Petitioner asserts that a court-clerk's clerical error prevented the timely filing of this petition. (Pet's Response at 2). He explains that on July 18, 2006, he wrote the TCCA informing the clerk that his writ had been filed under the wrong

---

[3] While petitioner filed a second state application on September 7, 2007, he did so after the expiration of the one-year period. As a result, he is not entitled to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(no statutory tolling if state habeas application is filed after the federal limitation period has expired).
Petitioner asserts his state writs were mailed and received long before they were actually filed in the convicting court. The Fifth Circuit has long held that the mailbox rule does not apply to the filing of state writs. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("declin[ing] to extend the mailbox rule to the determination of filing dates for state habeas applications."). Nevertheless, the federal petition would be time barred even if the Court were to rely on the date of mailing of the first and second art. 11.07 applications -- June 12, 2006, and August 21, 2007 respectively. (*See* Pet. at 3-4, and Pet's response to show cause order at 1).

case number – No. W94-37900-H(F) instead of No. W04-53495-(A). (*Id.*). The court is not persuaded that the above clerical error, if any, prevented the timely filing of this case. The TCCA website reflects that No. WR-30,187-14 (which contained the writ in No. W94-37900-(F)) was dismissed as non-complying on July 12, 2006, before Petitioner even contacted the TCCA. *See Ex parte Pruitt*, WR-30,187-14, http://www.cca.courts.state.tx.us/opinions/ Case.asp?FilingID =244467. The Dallas County court records also reflect that writ No. W04-53495-A was filed on July 12, 2006 (*see* Attachment I), before Petitioner even discovered the purported clerical error with respect to No. W94-37900-H(F). Consequently, insofar as Petitioner seeks to raise a state created impediment, his allegations are insufficient to invoke § 2244(d)(1)(B). *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003) (to establish a state created impediment a petitioner must show that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law."). Moreover, the requirements of § 2244(d)(1)(B) imply an element of causality and materiality with respect to a prisoner's ability to file his federal petition. *Miles v. Dretke*, 2004 WL 827941, *3-4, NO. 3-03-CV-2725-K (N.D.Tex., Apr. 15, 2004), findings and conclusions adopted, 2004 WL 1041635 (N.D.Tex. May 05, 2004) ("Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition."). Petitioner wholly fails to explain how the alleged mis-filing prevented him from filing this §2254 petition.

Insofar as Petitioner requests equitable tolling, his claim fares no better. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S.

5

___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner provides no explanation for the six month delay between the date his state judgment of conviction became final and the date he filed his first state habeas application. Nor does he provide any explanation for the nine month-delay between the denial of his first state writ and the filing of his current federal petition. Such unexplained delays make the circumstances of this case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (finding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards." *Basalo*, 2003 WL 21653864, *4. "[E]quity is not intended for those who sleep on their rights." *Fisher* v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS the habeas corpus petition with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

Signed this 5th day of February, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT  I**